## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 7 |
| LEXINGTON HEALTHCARE GROUP, INC. and | : | |
| LEXINGTON HIGHGREEN HOLDING, INC. | : | Case No. 03-11007 |
| | : | Substantively Consolidated |
| Debtors. | : | |

| | | |
|---|---|---|
| ALFRED THOMAS GIULIANO, | : | |
| Chapter 7 Trustee, | : | Adversary Proceeding |
| Plaintiff, | : | |
| v. | : | No. 06- |
| FAIRFIELD GROUP HEALTH CARE | : | |
| CENTERS LIMITED PARTNERSHIP, | : | |
| JACK FRIEDLER, ABRAHAM SOVA, | : | |
| AND JULIUS BERGER | : | |
| | : | |
| Defendants. | : | |

### COMPLAINT FOR TURNOVER OF DEBTORS' PROPERTY AND FOR PAYMENT OF MONEY OWED TO THE ESTATES

Alfred Thomas Giuliano, Chapter 7 Trustee ("Trustee" or "Plaintiff") for the estates of Lexington Healthcare Group, Inc. and Lexington Highgreen Holding, Inc. (the "Debtors"), by and through the undersigned counsel, Weir & Partners LLP, as and for his complaint against Fairfield Group Health Care Centers Limited Partnership ("Fairfield"), Jack Friedler ("Friedler"), Abraham Sova ("Sova"), and Julius Berger ("Berger") (Fairfield, Friedler, Sova and Berger are collectively referred to as the "Defendants" and separately as "Defendant"), alleges as follows:

## JURISDICTION AND VENUE

1.      This adversary proceeding is commenced pursuant to Rule 7001, et seq. of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and section 542 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

2.      This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1331 and 1334(b) and (e) because this proceeding arises under the Bankruptcy Code and arises in and is related to the chapter 11 cases filed by the Debtors.

3.      This a core proceeding as defined by 28 U.S.C. §§ 157(b)(2)(A), (E), and (O).

4.      Venue in this Court is proper pursuant to 28 U.S.C. § 1409 as this adversary proceeding arises under and in connection with a case under Title 11 which is pending in this District.

5.      This Court has personal jurisdiction over the above-captioned Defendants under Bankruptcy Rule 7004(f), and because the Defendants transacted business with one or more of the above-captioned Debtors before the Petition Date (as defined below).

## THE PARTIES

6.      Plaintiff is the Chapter 7 Trustee for the estates of Lexington Healthcare Group, Inc. and Lexington Highgreen Holding, Inc. (the "Estates").

7.      Defendant Fairfield Group Health Care Centers Limited Partnership ("Fairfield") is a limited partnership organized and existing under the laws of the State of Connecticut and, upon information and belief, had, at one time, a principal place of business located at CityPlace I, 22nd Floor, 185 Asylum Street, Hartford, Connecticut.

8.      Defendant Friedler is an individual who was a general partner of Fairfield from its formation through to at least September 1996, and who, upon information and belief, is a resident of the State of Florida and conducts business at 4779 Collins Avenue, Suite 3304, Miami Beach, Florida.

9.      Defendant Sova is an individual who was a general partner of Fairfield from its formation through to at least September 1996, and who is a resident of the State of Illinois and resides and/or conducts business at 4711 West Gulf Road, Suite 700, Skokie, Illinois.

10.     Defendant Berger is an individual who was a general partner of Fairfield from its formation through to at least September 1996, and who, upon information and belief, is a resident of the State of Florida and conducts business at 5005 Collins Avenue, Miami Beach, Florida.

## BACKGROUND

11.     On April 2, 2003 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 the Bankruptcy Code, which were being jointly administered under Case No. 03-11007 (the "Bankruptcy Case") in the United States Bankruptcy Court for the District of Delaware.

12.     On May 19, 2004, the Bankruptcy Case was converted to a case under Chapter 7 of the Bankruptcy Code.  On May 20, 2004, the Trustee was appointed.

13.     The Debtors' bankruptcy estates were substantively consolidated on April 13, 2005.

14.     Debtor, Lexington Healthcare Group, Inc. ("Lexington"), was incorporated on February 23, 1996.  Prior to Lexington's initial public offering in May,

1997, Lexington had operated as Lexington Healthcare Group, LLC ("LLC"), a limited liability company that was formed on March 8, 1995 and commenced operations as of July 1, 1995.

15.    LLC entered into a Nursing Home Lease with Fairfield, effective as of February 28, 1995 (the "Initial Lease"), pursuant to which Fairfield leased to LLC four (4) long term health care facilities (the "Nursing Homes"). A true copy of the Initial Lease is attached hereto and made a part hereof as Exhibit "A".

16.    The Initial Lease was for a term of ten (10) years, commencing July 1, 1995.

17.    LLC entered into possession and operation of the Nursing Homes from July 1, 1995 until sometime in May, 1997, when it assigned, with the consent of Fairfield, its rights, title and interests in the Initial Lease to Lexington (LLC or Lexington are sometimes hereafter referred to as "Tenant").

18.    Pursuant to Article VI entitled "Security Deposit" of the Initial Lease, in Section 6.1, the Tenant paid, as part of the security deposit, the mortgage debt owed by Fairfield to Beverly Enterprises-Connecticut, Inc. ("Beverly"), in the amount of $1,281,972.00.

19.    Also pursuant to Section 6.1 of the Initial Lease, the Tenant paid to Fairfield, as part of the security deposit, an additional $999,996.00, in six (6) monthly payments of $166,666.00, commencing July 1, 1995 and continuing through December, 1995.

20.    The Tenant paid a total security deposit of $2,281,968.00 under the Initial Lease (the "Security Deposit").

21.    The Initial Lease was amended, effective June 13, 1997 (the "Amendment to Lease"). A true copy of the Amendment to Lease is attached hereto and made a part hereof as Exhibit "B".

22.    The Initial Lease was amended again, effective March 17, 2000 (the "Second Amendment to Lease"). A true copy of the Second Amendment to Lease is attached hereto and made a part hereof as Exhibit "C".

23.    The Initial Lease as amended (the "Lease") was rejected by the Debtors as of April 30, 2003, and the operation of the Nursing Homes was transferred by Bankruptcy Court Order to a receiver appointed by the Connecticut courts.

24.    Fairfield did not file claims for rejection damages or otherwise in the Bankruptcy Case.

25.    The Defendant Fairfield has not returned to the Debtors the Security Deposit held by Fairfield, nor have the Defendants paid the sum of $2,281,968.00 owed to the Estates.

## COUNT I

### TURNOVER OF DEBTORS' PROPERTY
### PURSUANT TO 11 U.S.C. § 542

26.    Trustee realleges and incorporates by reference the allegations set forth in paragraphs 1 through 25 above, as if fully set forth at length herein.

27.    Pursuant to 11 U.S.C. § 704, the Trustee has a duty to collect any and all assets of the Estates and to effectuate an orderly liquidation of the Debtors' estates.

28.    Fairfield is obligated under the Lease to return to Lexington the Security Deposit of $2,281,968 plus interest from the date of rejection of the Lease.

29.    Fairfield is in possession, custody or control of property of the Estates in the amount or having of the value of $2,281,968, which represents the Security Deposit due to Lexington under the Lease.

30.    Demand for the turn over the Security Deposit or for payment in the amount outstanding of $2,281,968 has been made, but Fairfield and the other Defendants have failed and refused to comply.

31.    Upon information and belief, the Security Deposit in the amount of $2,281,968 constitutes property of the Estates and is subject to turnover pursuant to 11 U.S.C. § 542.

WHEREFORE, the Trustee demands judgment in its favor and against Fairfield in the amount of $2,281,968, plus interest from the date of rejection; ordering Fairfield to immediately turn over to the Trustee the property of the Debtors' estates in accordance with § 542 of the Bankruptcy Code; costs of suit and attorney's fees; and such other relief as this Court deems just and appropriate.

## COUNT II

### PAYMENT OF OBLIGATION DUE TO ESTATES

32.    Trustee realleges and incorporates by reference the allegations set forth in paragraphs 1 through 31 above, as if fully set forth at length herein.

33.    Fairfield is obligated to pay to the Estates the sum $2,281,968 constituting the Security Deposit under the Lease.

34.    Friedler, Sova and Berger were each general partners of Fairfield at the time of the execution of the Initial Lease and the payment of the Security Deposit by the Tenant.

35.    Each of the Defendants is jointly and severally liable to pay to the Estates the sum of $2,281,968, plus interest from May 1, 2003.

WHEREFORE, the Trustee demands judgment in its favor and against each of the Defendants in the amount of $2,281,968, plus interest from the May 1, 2003; costs of suit and attorney's fees; and such other relief as this Court deems just and appropriate.


WEIR & PARTNERS LLP


BY:  /s/ Kenneth E. Aaron, Esquire
       Kenneth E. Aaron, Esquire (#4043)
       PO Box 708
       824 Market Street Mall
       Suite 1001
       Wilmington, Delaware 19899
       (302) 652-8181
       *Attorneys for Chapter 7 Trustee*

Dated: Wilmington, Delaware
      November 9, 2006