**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IN RE: ) | Chapter 7 |
| ) | |
| LEXINGTON HEALTHCARE GROUP, ) | Case No. 03-11007 (MFW) |
| INC., and ) | |
| LEXINGTON HIGHGREEN HOLDING, ) | (Substantively Consolidated) |
| INC., ) | |
| ) | |
| Debtors. ) | |
| _____ ) | |
| ) | Adversary No. 06-50915 (MFW) |
| ALFRED THOMAS GIULIANO, ) | |
| Chapter 7 Trustee, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| FAIRFIELD GROUP HEALTH CARE ) | |
| CENTERS LIMITED PARTNERSHIP, ) | |
| JACK FRIEDLER, ABRAHAM SOVA, ) | |
| and JULIUS BERGER, ) | |
| ) | |
| Defendants. ) | |

**OPINION**[1]

Before the Court are the Motions of Fairfield Group Health Care Centers Limited Partnership ("Fairfield"), Abraham Sova ("Sova"), Julius Berger ("Berger"), and Jack Friedler ("Friedler") (collectively the "Defendants") for dismissal of the complaint filed against them by the trustee. For the reasons

---

[1] In this Opinion, the Court makes no findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 7052 (applying Fed. R. Civ. P. 52 (a) which provides that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rules 12 . . . .").

stated below, the Court will grant the Motions in part.

I.  BACKGROUND

On April 2, 2003, Lexington Healthcare Group, Inc. (the "Debtor") filed a petition for relief under chapter 11 of the Bankruptcy Code.  On May 19, 2004, the case was converted to a chapter 7 proceeding, and on May 20, 2004, Alfred Thomas Giuliano (the "Trustee") was appointed.

The Debtor's predecessor (Lexington Healthcare Group, LLC) entered into a Nursing Home Lease (the "Initial Lease") with Fairfield commencing on July 1, 1995.  The Initial Lease contained an article entitled "Security Deposit" pursuant to which the Debtor's predecessor paid a security deposit totaling $2,281,968 to Fairfield.  In May 1997, the Debtor's predecessor assigned its rights, title and interest in the Initial Lease to the Debtor.  The Initial Lease was amended on June 13, 1997, and on March 17, 2000.  The Initial Lease, as amended, was rejected by the Debtor as of April 30, 2003.

On November 9, 2006, the Trustee filed a Complaint against the Defendants pursuant to section 542 of the Bankruptcy Code seeking turnover of the security deposit paid to Fairfield under the Initial Lease.  On January 15, 2007, Fairfield, Sova and Berger filed a joint Motion to dismiss the Complaint against them.  On February 1, 2007, Frielder filed a Motion to dismiss.

The Motions are opposed by the Trustee.  Briefing is complete, and the matter is now ripe for decision.

II.  JURISDICTION

The Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 1334(b),(e) & 157(b)(1).  This proceeding is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A), (E) & (O).

III. DISCUSSION

The Defendants move for dismissal of the claims against them under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which is made applicable to adversary proceedings by Rule 7012(b) of the Federal Rules of Bankruptcy Procedure.  Specifically, the Defendants argue that the Trustee's Complaint fails to state a claim for which relief can be granted.

　　A.   Standard of Review

A Rule 12(b)(6) motion to dismiss serves to test the sufficiency of the allegations in the plaintiff's complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  In deciding a motion to dismiss for failure to state a claim the Court must accept as true all well pleaded allegations in the complaint and view them in the light most favorable to the plaintiff.  In re Rockefeller Ctr. Props., Inc. Secs. Litig., 311 F.3d 198, 205-06

3

(3d Cir. 2002). A Rule 12(b)(6) motion to dismiss, will be granted if "it appears beyond doubt the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). See also Ransom v. Marrazzo, 848 F.2d 398, 401 (3d Cir. 1988). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

    B.    Motions to Dismiss

        1.    Turnover

The Defendants argue that the Trustee has failed to plead, and cannot plead, an absolute and undisputed right to recover the security deposit and, as such, his claim for turnover under section 542 is precluded as a matter of law. See, e.g., In re Student Fin. Corp., 335 B.R. 539, 554 (D. Del. 2002) (concluding that a trustee may only use section 542 to compel a turnover of property that is not in dispute); In re Hechinger Inv. Co., of Del, Inc., 282 B.R. 149, 162 (Bankr. D. Del. 2002) (a claim for turnover "is not a remedy available to recover claimed debts which remain . . . in dispute."). Thus, the Defendants argue that section 542(b) may only be used to obtain property which is undisputably property of the bankruptcy estate. Hechinger, 282 B.R. at 161-62.

In this case, the Defendants assert that there is a bona fide dispute about whether the security deposit is property of the estate. They argue that Fairfield and the Debtor's predecessor intended the security deposit to be rent and additional consideration to be paid under the Initial Lease. The Defendants claim that the term "Security Deposit" was used to accommodate the owners of the Debtor's predecessor, who wanted a portion of the rent and additional consideration under the Initial Lease to be re-characterized as a security deposit to strengthen the appearance of its balance sheet in anticipation of an initial public stock offering and a conversion from a limited liability partnership to a corporation. Alternatively, the Defendants argue that no turnover remedy exists under the Initial Lease because there are no set of circumstances that provide for a return of the security deposit to the Debtor or its predecessor.

The Trustee responds that the Defendants fail to satisfy the standard for dismissal because they rely on evidentiary matters outside the Trustee's Complaint - the Trustee did not assert in his complaint that a dispute exists as to the Trustee's right to recover the security deposit. Consequently, the Trustee asserts that the Motions to dismiss should be treated as motions for summary judgment. See, e.g., Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1010-11 (2d Cir. 1986) ("Under Rule 12(b), a

'speaking' motion, i.e., a motion that includes evidentiary matters outside the pleadings, is properly converted to a Rule 56 motion only when it is made under Rule 12(b)(6)."). The Trustee further asserts that the motions must be denied because there is a bona fide dispute as to a material issue. See, e.g., Med. Protective Co. v. Watkins, 198 F.3d 100, 103 (3d Cir. 1999) (explaining that when determining a motion for summary judgment, the "test is whether there is a genuine issue of material fact [to be determined at trial] and, if not, whether the moving party is entitled to judgment as a matter of law."). See also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986) (stating that facts that may affect the outcome of a suit are "material"); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial.").

The Trustee's argument misses the mark. The Defendants are not seeking summary judgment on the merits of their entitlement to the security deposit. Instead, they argue that because title to the security deposit is in dispute, the Trustee cannot even seek a turnover of those funds.

The Court agrees with the Defendants. Where there is a legitimate dispute about the ownership of property a trustee seeks to recover, turnover under section 542 is not appropriate.

6

See, e.g., Student Fin. Corp., 335 B.R. at 554; Hechinger, 282 B.R. at 162. A "bona fide dispute" exists when there is a "genuine issue of material fact that bears upon the . . . liability, or a meritorious contention as to the application of law to undisputed facts." B.D.W. Assocs. v. Busy Beaver Bldg. Ctrs., Inc., 865 F.2d 65, 66 (3d Cir. 1989) (internal quotations and citations omitted). "Under [the analysis for deciding whether there is a bona fide dispute], the bankruptcy court must determine whether there is an objective basis for either a factual or a legal dispute as to the validity of the debt." In re Busick, 831 F.2d 745, 750 (7th Cir. 1987).

In this case, the Court concludes that a bona fide dispute does exist as to the Trustee's entitlement to a return of the security deposit. The Defendants argue that the Initial Lease does not support the Trustee's assertion that he is entitled to a return of the security deposit. The security deposit provision in the Initial Lease states that the security deposit shall be applied (1) "by Landlord toward any damages incurred by Landlord on account of default by Tenant of the terms of [the] Lease" or (2) "[i]n the event of no default . . . said Security Deposit shall be credited against any rental due for the last months of the initial Term or the last month of any respective extension." (Exhibit "A", Initial Lease, Sec. 6.1). The Initial Lease is silent, however, regarding entitlement to the security deposit if

there are no damages or unpaid rent. It is possible that the lack of such claims would mean the security deposit should be automatically returned. However, the Initial Lease is not so plain and unambiguous as to provide a clear, objective basis for concluding that the security deposit is property of the estate. Further, it is not clear whether Fairfield has a claim against the security deposit for damages or unpaid rent.

Because a dispute exists about whether the security deposit is property of the estate, this Court concludes that the Trustee cannot state a claim for turnover. See, e.g., Student Fin. Corp., 335 B.R. at 554; Hechinger, 282 B.R. at 162.

### 2. Obligation to Pay the Estate

The Defendants argue that the Court must dismiss the Trustee's claim in Count II that they are obligated to pay the security deposit to the estate because it is merely ancillary to the turnover claim and does not, in itself, state a cause of action nor is it supported by statute or legal doctrine. The Trustee responds that Count II is a separate and independent claim that is based upon the debt which the Trustee claims is owed to the estate. He argues that if a dispute exists as to whether the security deposit is property of the estate and turnover is not mandated, Count II alleges a claim for payment of the funds to the estate.

The Court agrees with the Trustee. As discussed above, the Court is not deciding the merits of who is entitled to the security deposit, but only that a dispute exists as to who is entitled to it. The Trustee is entitled to pursue his claim that the security deposit should be returned to the estate. Accordingly, the Court concludes that Count II sufficiently pleads a claim for relief and, therefore, the Motions to dismiss this claim will be denied.

### 3. Sova and Berger

Defendants Sova and Berger also argue that the entire Complaint against them should be dismissed because they are dissociated partners (as opposed to general partners) of Fairfield who have no personal liability. The Trustee responds that Sova and Berger were general partners at the time of the Initial Lease and that the transfer of their general partnership interest to Fairfield does not relieve them of the liabilities of Fairfield which existed prior thereto. See Conn. Gen. Stat. § 34-364 (2007).

The Court agrees with the Trustee. No party denies that Sova and Berger were general partners at the time of the Initial Lease. Under Connecticut law, a transfer of a partner's interest "[d]oes not by itself cause the partner's dissociation." Conn. Gen. Stat. at § 34-348. The issue of whether Sova and Berger are dissociated partners (and therefore not liable) is a question of

fact.  Consequently, Sova and Berger have not established that the Trustee can prove no set of facts in support of his claim against them.  <u>Conley</u>, 355 U.S. at 45-46.  Accordingly, the Court concludes that the Trustee has stated a claim against Sova and Berger and their Motion to dismiss the entire Complaint is denied.

IV.  <u>CONCLUSION</u>

For the foregoing reasons, the Court concludes that the Defendants' Motions to dismiss will be granted in part.

An appropriate Order is attached.

Dated: March 20, 2007        BY THE COURT:

*[signature: Mary F. Walrath]*

Mary F. Walrath
United States Bankruptcy Judge